**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
*Attorneys of Record:*
Jonathan D. Weiss, Esq.
NJ Attorney ID: 030501996
Lynne N. Nahmani, Esq.
NJ Attorney ID: 016711989
15000 Midlantic Drive ⬧ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000  ⬧  🖨856-414-6077  ⬧
Attorney for Defendant: Mallinckrodt ARD, LLC f/k/a Mallinckrodt ARD, Inc., f/k/a Questcor Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED ASSOCIATION OF PLUMBERS & PIPEFITTERS LOCAL 322 OF SOUTHERN NEW JERSEY,** *individually and on behalf of all others similarly situated,* 534 South State Highway 73 Winslow, NJ  08095<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, LLC,** *f/k/a Mallinckrodt ARD, Inc.;* *f/k/a* **Questcor Pharmaceuticals, Inc.** 1425 U.S. Route 206 Bedminster, NJ  07921<br><br>Defendant. | CASE NO. 1:19-cv-17584 |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that Defendant Mallinckrodt ARD LLC ("Mallinckrodt")

hereby removes the state court action filed by Plaintiff United Association of Plumbers &

Pipefitters Local 322 of Southern New Jersey ("Plaintiff" or "Local 322"), titled *Plaintiff United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey v. Mallinckrodt ARD LLC*, Docket No. CAM-L-002912-18 (filed in the Superior Court of New Jersey Equity Division, Camden Count), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of removal under the Class Action Fairness Act of 2005 ("CAFA"), Mallinckrodt states as follows:

## Commencement

1. CAFA provides federal courts with diversity jurisdiction over certain putative class actions that have been commenced after February 18, 2005.

2. Plaintiff initiated this action on July 29, 2019 by filing a Complaint in the Superior Court of New Jersey, Equity Division, Camden County, titled *United Association of Plumbers & Pipefitters Local 332 of Southern New Jersey v. Mallinckrodt ARD, LLC*. The action is docketed as Case No. CAM-L-002912-19.

3. Plaintiff, on behalf of a putative class, brings claims against Mallinckrodt under the New Jersey Consumer Fraud Act, New Jersey Antitrust Act, New Jersey RICO Statute, and for negligent misrepresentation, conspiracy/aiding and abetting, and unjust enrichment under New Jersey law.

4. This action was commenced after CAFA's effective date.

## Minimal Diversity

5. CAFA requires only minimal diversity. 28 U.S.C. § 1442(d)(2)(A).

6. Minimal diversity is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

7. Defendant Mallinckrodt ARD, LLC is a limited liability company, registered in California. Its principal place of business is at 1425 U.S. Route 206, Bedminster, New Jersey 07921. Compl. ¶ 28.

8. Plaintiff is a "Taft-Hartley union fund" which "resides at 534 South State Highway 73, Winslow, New Jersey 08905." Local 533 "has represented the interests of working men and women skilled as plumbers, pipefitters, and heating, ventilation and air conditioning (HVAC) service technicians in Southern New Jersey Since 1912." Compl. ¶¶ 25, 26.

9. Plaintiff purports to represent a putative class of:

> All third-party payors and their beneficiaries *in the State of New Jersey*, who, for purposes other than resale, purchased or paid for Acthar from August 27, 2007 through the present. For purposes of the Class definition, individuals "purchase" Acthar if they paid all or part of the purchase price based on the AWP for Acthar.

Compl. ¶ 379 (emphasis added).

10. Plaintiff excludes from this class "(a) Mallinckrodt and any entity in which Mallinckrodt has a controlling interest, and its legal representatives, offices, directors, assignees and successors, (b) any co-conspirators with Mallinckrodt, and (c) any government payor, including Medicare, Medicaid and/or Tricare." *Id.* ¶ 380.

11. By this language, Plaintiff's putative class is not limited to citzens of New Jersey, and it purports to include a substantial number of putative class members who are diverse from Defendant. Accordingly, there is minimal diversity between Mallinckrodt and at least one member of Plaintiff's putative class.

12. Mere presence in the State of New Jersey is not tantamount to citizenship in the State. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (presence alone does not equate to citizenship). Therefore, "beneficiaries" who "purchased or paid for Acthar" "in the State of New Jersey" includes individuals who are citizens of neighboring states (or elsewhere) who purchased Acthar in New Jersey. *See, e.g.*, *Dicuio v. Brother Int.'l Corp.*, No. 11-1447(FLW), 2011 WL 5557528, at *2 (Nov. 15, 2011 D.N.J.) ("Because Plaintiff's Complaint defines the class as individuals who purchased cartridges in New Jersey since 2005, it is reasonable to

3

conclude that at least one purchaser was not a resident of either state: many people and companies from the neighboring state of Pennsylvania travel into New Jersey to purchase goods.").

13. The same is true for "third-party payors . . . in the State of New Jersey." Under CAFA, corporations and unincorporated associations are citizens of the states (i) under whose laws they are organized, and (ii) where they have their principal place of business. 28 U.S.C. §§ 1332(c)(1) (corporations), 1332(d)(10) (unincorporated associations). Thus, for example, a "third-party payor" incorporated in Delaware with a principal place of business outside New Jersey that paid for Acthar "in the State of New Jersey" falls within Plaintiff's class definition. Yet, that "third-party payor" is *not* a citizen of New Jersey.

14. Furthermore, even if entities or individual persons were citizens of New Jersey when they purchased or paid for Acthar, that does not mean that they were citizens of New Jersey at the time this action was filed. Under CAFA, citizenship for putative class members is determined "as of the date of filing of the complaint[.]" 28 U.S.C. § 1332(d)(7). Given that the putative class includes persons who purchased Acthar more than ten years ago (as far back as August 27, 2007), it is likely that some of those persons were no longer citizens of New Jersey on July 29, 2019, when this action was filed. *See, e.g.*, *Dicuio*, 2011 WL 5557528 at *2 ([I]t is reasonable to conclude that at least one purchaser who may have previously been a New Jersey or Delaware resident is no longer a resident of either of those states.").

15. None of the Plaintiff's enumerated exclusions from the putative class excludes non-citizens of New Jersey.

**Numerosity**

16. CAFA applies where the number of members of all proposed plaintiff classes exceeds 100. 28 U.S.C. § 1332(d)(5)(B).

17. Plaintiff alleges that "the proposed Class consists of at least hundreds of private payors and consumers located throughout New Jersey, based on the fact that Mallinckrodt has sold thousands of vials of Acthar in each quarter over the last few years alone in each state in the United States." Compl. ¶ 381.

18. Accordingly, CAFA's numerosity requirement is met.

### Amount in controversy

19. CAFA requires that the "matter in controversy exceeds the sum or value of $5,000,000" as required by CAFA. 28 U.S.C. § 1332(d)(2).

20. In assessing this requirement, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000." 28 U.S.C. § 1332(d)(6).

21. Plaintiff contends that it and class members have "sustained economic injuries in the form of overcharges by the misconduct of Mallinckrodt." Compl. ¶ 383. Plaintiff seeks compensatory damages, including trebled damages, related to overpayments for Achar.

22. Plaintiff seeks millions of dollars in potential recovery. Plaintiff alleges, among other things: "Plaintiff and members of the Class have been injured in their property by reason of these violations in that Plaintiff and members of the Class have paid *millions of dollars* in overpayments for Acthar that they would have not paid had the Defendants not conspired to violate New Jersey RICO." Compl. ¶ 617 (emphasis added).

23. Elsewhere, Plaintiff alleges: "From 2007 to present, Mallinckrodt's revenues from the sale of Acthar soared into the millions and billions of dollars . . . Currently, Acthar represents over $ 1 billion in revenue to Mallinckrodt." Compl. ¶ 398. Plaintiff further alleges that "[t]otal net sales for Mallinckrodt in 2011 were $218.2 million, $509.3 million in 2012, $798.9 million in

2013.  In each of those years, "Acthar represented at least 95% of Mallinckrodt's net sales – over $1.45 billion in revenue." Compl. ¶ 499.

24.     Additionally, Plaintiff seeks "reasonable attorney's fees" and "expert fees." *See* Compl. Prayer for Relief. Such fees are considered when determining the amount in controversy under CAFA. *See Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007).

25.     Mallinckrodt denies that it has any liability to Plaintiff or that a class could be properly certified in accordance with Federal Rule of Civil Procedure 23, but the total amount in controversy here exceeds $5,000,000.

### **Mallinckrodt has Satisfied the Procedural Requirements for Removal**

26.     Mallinckrodt was served with the Summons and Complaint on August 1, 2019. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it has been filed within 30 days of receipt of the Complaint by Mallinckrodt.

27.     Pursuant to 28 U.S.C. § 1446(a), Mallinckrodt attaches hereto as Exhibit A copies of the complaint and any other process, pleadings, and orders that Plaintiff purportedly served as of the date of this filing.

28.     Pursuant to 28 U.S.C. § 1453, Mallinckrodt may remove this putative class action even if it is a citizen of the State in which the action has been brought.

29.     The United States District Court for the District of New Jersey includes Camden County, New Jersey, where the state court action is now pending. Therefore, this action is properly removed to the District of New Jersey pursuant to 28 U.S.C. § 1441(a).

30.     Pursuant to 28 U.S.C. § 1446(d), Mallinckrodt is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Superior Court of Camden County, New Jersey and will serve a copy of this notice on all parties to the removed action.

31.     By removing this action, Defendants do not waive any defenses available under state or federal law.

WHEREFORE, Mallinckrodt removes this action from the Superior Court of New Jersey Equity Division, Camden County, to this Court.

Respectfully submitted,

*MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN*

By:  /s/ Jonathan D. Weiss
JONATHAN D. WEISS, ESQUIRE
LYNNE N. NAHMANI, ESQUIRE
Attorneys for Defendant,
Maillinckrodt ARD LLC f/k/a Mallinckrodt ARD, Inc., f/k/a Questcor Pharmaceuticals, Inc.

Marshall, Dennehey, Warner, Coleman & Goggin
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054

DATE:  September 3, 2019